_____

# IN THE UNITED STATES DISTRICT COURT

# CENTRAL DIVISION, DISTRICT OF UTAH
_____

| | | |
|---|---|---|
| **APG ENTERPRISES, INC.**, et. al., | : | **Civil No. 2:08-cv-00951** |
| Plaintiffs, | : | **RULING & ORDER** |
| vs. | : | **JUDGE TENA CAMPBELL** |
| **MONEY & MORE, INC.**, et. al., | : | **MAGISTRATE JUDGE BROOKE C. WELLS** |
| Defendants. | | |

_____

This matter is before the court on proposed defendant-intervenor Heidi Benson, Heidi J. Benson Family Trust, Evelyn H. Bosh and the Bosh Family Trust's "Motion To Intervene".[1] Proposed intervenors argue that they have an interest in the underlying action and are therefore entitled to either intervention of right[2] or permissive intervention[3].

---

[1] Document Number 250.

[2] Fed. R. Civ. P. 24(a).

[3] Fed. R. Civ. P. 24(b).

## Intervention Of Right

Under Rule 24(a) of the Federal Rules of Civil Procedure,[4] a potential intervenor seeking an intervention of right must:

> (1) make a timely application, (2) have an interest in the subject matter of the action, (3) be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect his interest, and (4) have an interest not adequately protected by the existing parties.[5]

If one or more of the stated criteria are not met, "a party will not qualify for intervention of right."[6]  Further, a "party seeking to intervene must act as soon as he knows or has reason to know that his interests might be adversely affected by the out outcome of the litigation."[7]  The Tenth Circuit has set forth factors relevant to the issue of timeliness including, "the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances."[8]

---

[4] Federal Rule of Civil Procedure 24(a) states: "On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claim an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impeded the movant's ability to protect its interest, unless existing parties adequately represent that interest."

[5] United States v. Mid-State Disposal, Inc., 131 F.R.D. 573, 576 (W.D. Wis. 1990).

[6] Utah v. Kennecott Corp., 232 F.R.D. 392, 295 (D. Utah 2005).

[7] Kennecott Corp., 232 F.R.D. at 396 (citing, United States v. Oregon, 913 F.2d 576, 588 (9th Cir. 1990)).

[8] Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1250 (10th Cir. 2001)(quoting, Sanguine, Ltd. v. United States Dep't of Interior, 763 F.2d 1416, 1418 (10th Cir. 1984)).

In this case, proposed intervenors were signatories to the Settlement Agreement related to this action on January 30, 2010.[9] Thus, while intervenors argue that there has been no delay in filing their application, this court disagrees. It has been well over a year and a half since the proposed intervenors signed the Settlement Agreement. During that time the parties have continued to litigate the case, and therefore an intervention at this juncture would result in prejudice the existing parties.[10] Furthermore, proposed intervenors have not outlined any "unusual circumstances" explaining or excusing the untimeliness of their current application.[11]

For these reasons, proposed intervenors' Motion To Intervene as of right is denied.

## Permissive Intervention

Federal Rule of Civil Procedure 24(b)[12] allows for permissive intervention if a party does not qualify for an intervention of right under Rule 24(a). The court, in its discretion, may allow for intervention where the proposed intervenor, "(1) makes a timely application, (2) has a separate claim or defense that has a common question of

---

[9] Document Number 250; "Proposed Defendant-Intervenors' Motion To Intervene" Statement of Facts, pg. 5.

[10] *See,* Kennecott Corp., 232 F.R.D. at 396 (citing United States v. State of Oregon, 913 F.2d 589 (9th Cir. 1990)("[o]ne of the 'most important' factors in determining timeliness is prejudice to the existing parties")).

[11] *See,* Kennecott Corp., at 397.

[12] Federal Rule of Civil Procedure 24(b) states: "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact.

law or fact with the main action, and (3) does not unduly delay or prejudice the rights of the original parties."[13] As addressed above, the court finds intervenors' application to be untimely. If granted, the parties' intervention could unduly delay or prejudice the rights of the original parties.

Accordingly, proposed intervenors' request for permissive intervention is hereby denied.

## Jurisdiction

Finally, as noted by plaintiffs, intervenors seek intervention into this litigation based solely on their interest in the Settlement Agreement.[14] However, the Settlement Agreement at issue was negotiated between private litigants and is not an agreement entered into as part of a court judgment or decree. In Judge Campbell's prior Order she noted that this Court lacks jurisdiction to decide whether or not the Settlement Agreement has been violated or whether any parties may be released from the Agreement itself.[15] Given such jurisdictional limitations, the proposed intervenors request to intervene based upon an interest in the Settlement Agreement must be denied.

## Order

For the reasons now stated herein, proposed intervenors' Motion To Intervene is DENIED.

---

[13] Kennecott Corp., 232 F.R.D. at 398 (referencing Fed. R. Civ. P. 24(b)).

[14] Document Number 253, "Memorandum In Opposition To Motion To Intervene" pg. 12-13.

[15] Document Number 249; Order.

4

DATED this 25th day of October, 2011.

BY THE COURT:

_____

Brooke C. Wells
United States Magistrate Judge